IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL MINERAL DEVELOPMENT, INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1558 |
| | § | |
| PETROLEUM DEVELOPMENT COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Daniel Mineral Development, Inc.'s Motion to Remand (Document No. 3). After carefully considering the motion, response, reply, sur-reply, and the applicable law, the Court concludes as follows.

I.  Background

Plaintiff Daniel Mineral Development, Inc. ("Plaintiff"), a Texas corporation, and Defendant Petroleum Development Company ("Defendant"), incorporated in and with its principal place of business in Oklahoma, entered into a Farmout Agreement in which Defendant by drilling a well acquired a working interest in Plaintiff's oil and gas lease in Oklahoma. Document No. 1 ex. J ¶¶ 6-8. The new well was drilled and completed, and Defendant assigned operations to Plaintiff.

On September 8, 2005, Defendant brought an administrative action before the Corporation Commission of Oklahoma ("OCC") alleging that Plaintiff "is not a proper or prudent operator," seeking to have itself declared the operator, and requesting that the Commission unitize all wells drilled in the common field. Document No. 11 ex. D.  Plaintiff moved to dismiss the action, asserting that the parties' agreement controlled, and concurrently filed suit against Defendant in Texas state court on January 17, 2006, seeking declaratory judgments that: (1) "Plaintiff is the proper operator of the well and the Defendant has no right to seek operations"; (2) although "Defendant . . . claims that it has the right to an increased portion of the well production to correct an imbalance caused by the Defendant's failure to nominate[,] . . . the Defendant is not entitled to an increased . . . portion of the well production"; and (3) that Defendant failed to pay its share of operating costs pursuant to the agreement.  Document No. 1 ex. E ¶¶ 6-13.  The administrative judge in the Oklahoma proceeding denied Plaintiff's motion to dismiss, which decision was upheld on May 1, 2006, after two levels of appeals.  Document No. 9 ex. C. Plaintiff then served on Defendant the pending Texas suit on June 7, 2006.  In a letter to Defendant dated June 8, 2006, Plaintiff announced its intent to prosecute the state court suit because the OCC had "ruled that it was not the proper forum to adjudicate" the agreement between the parties, and it was "in the

best interest of both parties to have that issue resolved." Document No. 9 ex. D.

On May 9, 2007, Defendant removed the case to this Court on the basis of diversity jurisdiction--three weeks before the end of discovery and two months before the scheduled trial date. Document No. 1 ¶ 4; Document No. 4 at 1. Plaintiff moves to remand, contending that removal is untimely because: (1) Defendant failed to remove within 30 days after it was served the Original Petition; or, alternatively, (2) removal was effected more than one year after the action commenced. Document No. 3; Document No. 11. Plaintiff also seeks costs and attorney's fees incurred as a result of improper removal. Document No. 3 at 5-6.

## II.  Standard of Review

Title 28 U.S.C. § 1446(b) prescribes "a two-step test for determining whether a defendant timely removed a case." Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992). For any action shown to be removable by the case stated in the initial pleading, the defendant must file a notice of removal within 30 days after receiving the initial pleading. See 28 U.S.C. § 1446(b) ¶ 1. If diversity is the basis for removal, this 30-day rule applies "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman, 969 F.2d at

3

163. If the case stated in the initial pleading is not removable, a notice of removal may be filed within 30 days of receipt of "an amended pleading, motion, order or other paper" from which it may be ascertained that the case is or has become removable. *See* § 1446(b) ¶ 2; <u>Bosky v. Kroger Tex., L.P.</u>, 288 F.3d 208, 211 (5th Cir. 2002). However, cases within this category cannot be removed on the basis of diversity more than one year after "commencement of the action." *See* 28 U.S.C. § 1446(b) ¶ 2; <u>Johnson v. Heublein Inc.</u>, 227 F.3d 236, 241 (5th Cir. 2000)(noting that the one-year limitation applies only to diversity cases that are not initially removable)(citing <u>N.Y. Life Ins. Co. v. Deshotel</u>, 142 F.3d 873, 886 (5th Cir. 1998)).

## III.  <u>Discussion</u>

Plaintiff argues, *inter alia*, that remand is warranted because Defendant untimely removed more than one year after suit was filed. Document No. 3 at 3-5; Document No. 11 at 11-12. Assuming without deciding that Plaintiff's Original Petition did not state a removable case so as to require removal within 30 days of its receipt, which appears to be the case, it is nonetheless undisputed that Defendant did not remove the case on the basis of diversity jurisdiction until more than 15 months after the suit was commenced

in state court.[1]  Hence, the removal was not authorized under the second paragraph of § 1446(b).

Defendant complains that Plaintiff's delay of more than four months in effecting service on Defendant requires that the action be deemed to have been "commenced" not when filed but at the time of service, citing an equitable exception to TEX. R. CIV. P. 22 recognized in Texas cases.  Document No. 9 at 3-5.  This exception provides that the filing of suit without a *bona fide* intent to prosecute does not toll the statute of limitations.  *See, e.g.*, Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex. 1970)(holding an action to be barred by the  statute of limitations when plaintiff filed suit just within the limitations period, but waited nearly 18 months to effect service); Three Thousand Six Hundred Thirty Nine, Dollars ($3,639.00) in U.S. Currency v. State, 133 S.W.3d 698, 700-02 (Tex. App.--Corpus Christi 2003, no pet.)(applying the diligence requirement to civil forfeiture actions).  However, Defendant identifies no federal case law, and the Court has found none, extending this state law exception to the removal context and construing an action to "commence" under § 1446(b) from the date of service.

---

[1] Federal courts look to state law to determine when an action "commences" for purposes of removal.  *See* Perez v. Lancer Ins. Co., C.A. No. C-06-388, 2006 WL 2850065, at *3 (S.D. Tex. Oct. 4, 2006) (Jack, J.); Rodriguez v. ACandS, Inc., No. CIV. A. 01-0586, 2001 WL 333101, at *2 (E.D. La. Apr. 4, 2001).  Under Texas law, an action "commences" with the filing of the original petition.  *See* TEX. R. CIV. P. 22; *see also* Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000).

Fifth Circuit law does recognize, however, a narrow equitable exception to the one-year limitation in § 1446(b) for the removal of diversity cases.  *See* <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423, 426 (5th Cir. 2003)(removal upheld one year and ten days after plaintiff filed suit, when plaintiff had joined a non-diverse defendant immediately upon hearing of defendant's intent to remove, non-suited that defendant before the one-year anniversary of the filing of the complaint, and waited to file notice of dismissal until after the year had expired).  The Fifth Circuit held:

> Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended.  The facts of this case present just such a circumstance.

<u>Id.</u> at 428-29.  <u>Tedford</u>, and not the state law exception to Tex. R. Civ. P. 22, governs the appropriateness of equitable tolling in this case.

Here, Plaintiff filed suit on January 17, 2006 and served Defendant a little over four and one-half months later, shortly after the OCC ruled against Plaintiff in the Oklahoma administrative action.[2]  Unlike <u>Tedford</u>, where the plaintiff's manipulative

---

[2] Fed. R. Civ. P. 4(m) allows at least 120 days for service of summons and a copy of the complaint initiating a suit in federal court.  Plaintiff here served Defendant with the state court pleading only 21 days after expiration of the 120-days period allowed in federal court, not an unusually lengthy delay.

joinder and retention of a non-diverse defendant until after the one-year anniversary of the suit prevented the defendant from timely removing the case, Defendant had more than seven months to investigate and to remove before the one-year statutory period expired. Thus, Plaintiff's delay in service did not thwart Defendant's ability timely to remove. Plaintiff's June 8, 2006, letter announcing its intent to prosecute the suit in light of the adverse ruling before the OCC also indicates that Plaintiff delayed service for the purpose of awaiting the administrative decision and not to vitiate Defendant's right to remove. In sum, Plaintiff's conduct does not constitute the type of egregious forum shopping that warranted equitable tolling under Tedford. *Compare* Monk v. Werhane Enters., Ltd., Civ. A. No. 06-4230, 2006 WL 3918395, *3-4 (E.D. La. Nov. 27, 2006) (holding the Tedford exception inapplicable in the absence of a clear pattern of forum manipulation by plaintiff), *with* Taylor v. Money Store, Inc., Civ. A. No. 2:05CV90-P-B, 2006 WL 1666714, at *1-2 (N.D. Miss. June 15, 2006)(holding plaintiff's failure to serve the in-state defendants more than three years after filing the complaint warranted tolling under Tedford).

In Tedford Defendant's diligence in seeking removal is also relevant to whether equitable tolling should be granted. Tedford, 327 F.3d at 428. Here, the undisputed evidence reflects that both before and after it was served with the Original Petition,

7

Defendant claimed an increased share of production equal to 36,000 McF of gas to correct an alleged underbalancing, that Defendant knew the price of gas as of December, 2004 was $5.17 per McF, and that Plaintiff in its Original Petition requested a declaration that "Defendant is not entitled to an increased . . . portion of the well production." Document No. 1 ex. E ¶ 11; *see also* id. exs. A, B.  Based on Defendant's own figures, the value of Plaintiff's declaratory claim was at least $186,120 (36,000 McF multiplied by $5.17 per McF).  The fact that Defendant had ample basis and opportunity timely to remove and did not do so is a further reason that equity does not favor Defendant. *See, e.g.*, Clark v. Nestle USA, Inc., No. Civ.A. 04-1537, 2004 WL 1661202, at *2-3 (E.D. La. Jul. 22, 2004)(declining to toll because the defendant had notice of damages in excess of the jurisdictional minimum long before the year had expired).

In sum, based on an absence of clear forum manipulation by Plaintiff, Defendant's failure to exercise diligence in removing the case, and the overarching principle that all doubts must be resolved in favor of remand, *see* Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000), equitable tolling of the one-year limitation period is not warranted, Defendant's removal 15 months after commencement of suit is untimely under § 1446(b), and Plaintiff is entitled to remand.

IV.   <u>Order</u>

It is therefore ORDERED that Plaintiff's Motion to Remand (Document No. 3) is GRANTED, and this case is REMANDED to the 157th Judicial District Court of Harris County, Texas.   Plaintiff's further request for attorney's fees and costs is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 10th day of August, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE